UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| PAUL O. PALUMBO, | ) | Chapter 7 |
| DEBTOR. | ) | Case No. 05-49073-JBR |
| | ) | |
| | ) | |
| MILLBURY NATIONAL BANK, | ) | |
| ANNE J. WHITE, TRUSTEE, | ) | |
| PLAINTIFFS, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. 06-4023 |
| | ) | |
| PAUL O. PALUMBO, | ) | |
| DEFENDANT. | ) | |

**MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This matter came before the Court for hearing on the Debtor-Defendant's Motion for Summary Judgment [#16] and Millbury National Bank's (the "Bank") opposition thereto [#23]. The Debtor seeks dismissal of the two count amended complaint on the grounds that the actions complained of in Count I occurred more than a year prior to the bankruptcy and thus cannot be the basis for denial of discharge under 11 U.S.C. § 727(a)(2)(A) and that the amended complaint fails to join, and indeed cannot join, the transferee of alleged fraudulent transfer as a party.[1] For the reasons set forth herein, the Motion is DENIED.

**FACTS**

The following facts are taken from the Debtor's Statement of Material Undisputed Facts

---

[1] The Debtor also sought dismissal on the grounds that a fraudulent conveyance action belongs only to the Chapter 7 trustee. The Trustee and the Bank entered into a stipulation, approved by the Court, that any recovery in this case is an asset of the bankruptcy estate. The Trustee also sought and obtained permission to be added as a party in this proceeding.

and from the Debtor's and his spouse's schedules. The Debtor is indebted to the Bank pursuant to a promissory note executed in 1997 and two guaranties given in 2003. Prior to March 1, 2004 the Debtor and his wife ("Nanci") owned their residence (the "Residence") as tenants by the entirety; the Debtor had recorded a declaration of homestead. On or about March 30, 2004, for nominal consideration, the Debtor and his wife transferred the Residence to Nanci who recorded a declaration of homestead. On April 19, 2005 the wife recorded a new declaration of homestead after which she immediately filed a voluntary Chapter 7 petition. Nanci, who was obligated to the Bank pursuant to a guaranty she had executed, scheduled the Bank as an unsecured creditor (Schedule F in 05-42542-HJB). She also scheduled the Bank as a secured creditor holding a claim in the amount of $905,070 with "set off rights against savings account #12396." Schedule H indicates that the Debtor, AB Palumbo Electrical Contractors, Inc. and Vox Communications, Inc. are co-debtors on the Bank debt.

Nanci's Schedule D reflects two mortgages on the Residence held by another secured creditor. A third creditor of both the Debtor and Nanci, objected to Nanci's homestead exemption. The objection was overruled. While the objection to Nanci's homestead exemption was pending, the Debtor filed the instant bankruptcy on October 13, 2005 (the "Petition Date").

Nanci subsequently received a discharge. Although the Chapter 7 Trustee of Nanci's estate filed a Report of No Distribution, the Bank filed a proof of claim in the amount of $945,658.12 in Nanci's bankruptcy and, at the same time, filed an identical proof of claim in the instant case. Both proofs of claim indicate the claims are unsecured. Nanci's case was subsequently closed.

**POSITION OF THE PARTIES**

The Debtor argues that he is entitled to dismissal of Count I because the transfer of the residence occurred on March 30, 2004, almost a year and a half before he filed his bankruptcy petition. Therefore he argues that the plain language of 11 U.S.C. § 727(a)(2) mandates that this count be dismissed. Moreover he argues that the Plaintiffs cannot establish that he concealed the transfer during the year prior to the Petition Date.

The Bank proffered the affidavit of its president who testified that the Debtor and Nanci never notified the Bank of the transfer despite the fact that they signed a financial statement which requires them to do so. In fact the affiant states that the Debtor continued to misrepresent that he owned the Residence after the transfer. According to the Bank it was not notified of the transfer until Nanci filed bankruptcy.[2] Therefore the Bank argues that under the doctrine of continuing concealment, the Debtor's concealment of the transfer forms a basis for denying the Debtor his discharge under § 727(a)(2)(A). The Debtor counters that it is property, not the transfer of property, which must be concealed if his discharge is to be denied.

The Debtor argues that Count II must be dismissed as the Plaintiffs did not, and indeed in light of Nanci's discharge, cannot join her as a defendant although she is an indispensable party to the fraudulent transfer action. The Bank does not directly deal with this argument but instead counters that if the fraudulent transfer is avoided the Residence, or at least the Debtor's interest in it, will be returned to his bankruptcy estate. At the hearing the Chapter 7 Trustee argued that this case presents an *in rem* situation not covered by Nanci's discharge order.

**DISCUSSION**

---

[2]Nanci's schedule A lists the Residence and describes the nature of her interest in the property as "fee simple."

3

Summary judgment is appropriate if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.. Fed. R. Civ. P. 56(c) made applicable by Fed. R. Bankr. P. 7056.

**Count I**

Section 727(a)(2)(A) provides:

> The court shall grant the debtor a discharge, unless—
> (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or *concealed*, or has permitted to be transferred, removed, destroyed, mutilated, or concealed--
> (A) *property of the debtor*, within one year before the date of the filing of the petition.... (Emphasis added).

The parties agree that the transfer of the Debtor's interest in the Residence to Nanci occurred outside the one year period of § 727(a)(2)(A) but the Debtor can be denied a discharge for concealing property within one year prior to his bankruptcy if he did so to hinder, delay or defraud his creditors. "Under the 'doctrine of continuous concealment,' a debtor may be denied a discharge, notwithstanding the time of the debtor's transfer or original concealment of his or her interest in property, if it is established that the debtor continued to conceal that interest from creditors during the year prior to the petition filing. *In re Bottone*, 209 B.R. 257, 262 (Bankr. D. Mass. 1997). As the Bankruptcy Appellate Panel in *Rhode Island Depositors Economic Protection Corp. v. Hayes (In re Hayes)*, 229 B.R. 253, 259 (1st Cir. BAP 1999), framed the issue: "Did the [Debtor], within a year of bankruptcy, place assets beyond the reach of creditors *or withhold knowledge of assets by failing or refusing to divulge information to which creditors are entitled*?" (Emphasis added).

In this case the Bank alleges that the Debtor had an affirmative duty, imposed by the

4

Untitled (3).max

documents he executed, to inform it of the change of ownership. Yet instead of informing the Bank, the Debtor continued to represent that he remained an owner of the property. Now the Debtor asks this Court to rule that the very deception he allegedly fostered renders § 727(a)(2)(A) inapplicable because he never concealed the Residence, only the transfer of his interest in the Residence. But this argument overlooks that he allegedly mislead the Bank as to the ownership of the Residence at least until Nanci's bankruptcy.[3] By doing so, he may well have hindered or delayed collection activities. Now when it will benefit the Debtor, he maintains that he does not own the property because legal title resides in Nanci's name. The asset does not need to be literally concealed, however. A classic example of concealment involves "a transfer of title coupled with the retention of the benefits of ownership." *Id.* (Internal quotation marks and citation omitted). Although the Debtor transferred his interest in the Residence to his wife for nominal consideration, the Debtor's and Nanci's petitions indicate they continue to reside at the same address. Whether the Debtor has retained other benefits of ownership and thus owns a concealed interest in the Residence cannot be resolved without resort to further facts not currently before the Court.

The Debtor's argument that concealment includes only instances where a debtor actually conceals property, not a transfer of property, fails. If a debtor were able to transfer property and continue to represent he owned it until it was too late for a creditor to reach that asset, the effect would be to permit a debtor to hid his assets in plain sight. To allow a debtor to mislead his creditors about his assets prior to bankruptcy and then permit him to use the transfer of legal title

---

[3]That the transfer was effected by deed that became a matter of public record is insufficient to find as a matter of law that the transaction was not concealed given the couple's behavior. *Hayes*, 229 B.R. at 257.

5

as a shield against his creditors is at odds with the policy underlying the Bankruptcy Code. The Bank's affiant states that the Bank did not learn of the transfer until Nanci's bankruptcy, a date within the year prior to the Debtor's petition date, because the Debtor continued to represent that he and Nanci jointly owned the Residence. Therefore it is improper on the record before the Court to dismiss Count I.

**Count II**

Count II seeks to set aside the transfer of the debtor's interest in the Residence pursuant to the Massachusetts Fraudulent Conveyance Act, M.G. L. C. 109A, § 9. Section 544(b)(1) permits a trustee to avoid a transfer of a debtor's interest in property that could be avoided by an unsecured creditor under state law. Section 550 then permits the trustee to recover the transferred property or the value of that property from the transferee. "Both the transferor and the transferee should be named as necessary parties to a fraudulent transfer suit. *See* 5 COLLIER on *Bankruptcy,* ¶ 548.07 [1] at 548-54 note 1 (15th ed. revised 1998)(citing In re Farmer's Market, 22 B.R. 71 (9th Cir. BAP 1982); Fed. R. Bankr.P. 7019)." *In re Halpert & Co., Inc.*, 254 B.R. 104, 116 (Bankr. D.N.J. 1999). Because Nanci received a discharge in her case, the Debtor argues she cannot be joined as a defendant and thus Count II must be dismissed. The Chapter 7 trustee argues that the action relies on the Court's *in rem* jurisdiction and therefore the discharge injunction does not bar the avoidance of the transfer.

The parties have not cited, nor could the Court find, any case that held a fraudulent transfer action was only *in rem*. Nevertheless, as the Supreme Court has emphasized that "[b]ankruptcy jurisdiction, at its core, is in rem." *Central Virginia Community College v. Katz,*

6

__U.S. __, 126 S.Ct. 990, 995, 163 L.Ed.2d 945 (2006). This idea is nothing new. Indeed in the early days of the Bankruptcy Code, courts examined the *in rem* jurisdiction of bankruptcy courts, often in the context of determining the propriety of nationwide service of process in bringing before the bankruptcy court recipients of estate property. For example, in *Whitlock v. Worrall (In re American Aluminum Window Corp.)*, 15 B.R. 803, 805 (D. Mass.1981), the court held that recovery of a preference requires *in rem* jurisdiction over the property of the estate and not necessarily *in personam* jurisdiction over the defendant. More recently, in *Tennessee Student Assistance Corp. v. Hood*, 541 U.S. 440, 448, 124 S.Ct. 1905, 1911 (2004), the Supreme Court held that the exercise of *in rem* jurisdiction to discharge a state-held student loan did not violate the Eleventh Amendment of the United States Constitution. In discussing the concept of *in rem* jurisdiction, the Court noted

> A bankruptcy court's in rem jurisdiction permits it to "determin[e] all claims that anyone, whether named in the action or not, has to the property or thing in question. The proceeding is 'one against the world.'" 16 J. Moore, et al., Moore's Federal Practice § 108.70 [1], p. 108-106 (3d ed.2004). Because the court's jurisdiction is premised on the res, however, a nonparticipating creditor cannot be subjected to personal liability. *See Freeman v. Alderson*, 119 U.S. 185, 188-189, 7 S.Ct. 165, 30 L.Ed. 372 (1886) (*citing Cooper v. Reynolds*, 10 Wall. 308, 19 L.Ed. 931 (1870)).

The notion that a Bankruptcy Court can exercise *in rem* jurisdiction without subjecting a party to *in personam* jurisdiction is likewise not a novel one.

> It is hornbook law that a valid lien survives a discharge in bankruptcy unless it is avoidable and the debtor takes the proper steps to avoid it. *Holloway v. John Hancock Mut. Life Ins. Co. (In re Holloway)*, 81 F.3d 1062, 1063 (11th Cir.1996). A surviving lien remains enforceable, for "a bankruptcy discharge extinguishes only one mode of enforcing a claim--namely, an action against the debtor in personam--while leaving intact another--namely, an action against the debtor in rem." *Johnson v. Home State Bank*,

7

501 U.S. 78, 84, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991).

*Arruda v. Sears, Roebuck & Co.*, 310 F.3d 13, 21 (1st Cir. 2002).

That Nanci is not named as a defendant does not bar the action to the extent the adversary proceeding only seeks to restore to the estate property that, if the allegations are proven, rightfully belongs to this estate. Moreover, the record does not indicate that the Plaintiffs are precluded from seeking relief in Nanci's bankruptcy to add her as a party.

Finally the Debtor's reliance on the fact that the challenge to Nanci's homestead was unsuccessful is misplaced. Her claim of homestead is irrelevant in this proceeding if the Plaintiffs prevail in their claim that the Debtor fraudulently transferred his interest in the Residence. *Howison v. Hanley*, 141 F.3d 384, 386 (1st Cir. 1998); *In re Ringham*, 294 B.R. 204, 206 (Bankr. D. Mass. 2003).

For the foregoing reasons, the Motion to dismiss is DENIED.

A separate order shall issue.

Dated: September 6, 2006

_____
Joel B. Rosenthal
United States Bankruptcy Judge