United States Bankruptcy Court
District of Massachusetts

| | |
|---|---|
| In re: ) | Chapter 7 |
| PAUL O. PALUMBO ) | |
| ) | Case No. 05-49073-JBR |
| ~~~~~~~~~~~~~~~~~~~~~~~~~~~~~ | |
| MILLBURY NATIONAL BANK ) | |
| ANNE WHITE, TRUSTEE, ) | |
|     PLAINTIFFS, ) | |
| v. ) | |
| PAUL O. PALUMBO, ) | AP No. 06-4023-JBR |
|     DEFENDANT. ) | |
| ~~~~~~~~~~~~~~~~~~~~~~~~~~~~~ | |

**DECISION AND ORDER REGARDING MOTION FOR RECONSIDERATION [# 39]**

    This matter having come before the Court on the Motion of Paul O. Palumbo for reconsideration of Summary Judgment Memorandum and Order (the "Motion")after due consideration of the Motion, the opposition thereto, the Court's Memorandum of decision and Order, ands all relevant pleadings, the Court hereby makes the following findings of fact and conclusions of law:

    1.  A motion to reconsider is governed by Fed. R. Civ. P. 59(e) made applicable to bankruptcy cases by Fed. R. Bankr. P. 9023 or Fed. R. Civ. P. 60 made applicable to bankruptcy cases by Fed. R. Bankr. P. 9024.[1] . "[T]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.  A party may not submit evidence that is not newly discovered in support of a motion for reconsideration." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert denied*, 476 U.S. 1171 (1986) (citations omitted).  A motion for reconsideration is appropriate when there has been a significant change

---

[1] The Defendant cites Fed. R. Bankr. P. 9023 as the basis for the Motion although the Motion seeks reconsideration of an order denying summary judgment.

in the law or facts since the submission of the issue to the court; it is not a vehicle for an unsuccessful party to rehash the same facts and same arguments previously presented. *Keyes v. National Railroad Passenger*, 766 F. Supp. 277, 280 (E.D.Pa. 1991).

    2. The Motion fails to allege any newly discovered evidence, any manifest error of law, or any significant change in the law that would affect the prior outcome. Instead the Defendant is dissatisfied with the Court's conclusions that whether the doctrine of fraudulent concealment applies raises issues of fact, that an unsuccessful challenge to the non-debtor's spouse's homestead exemption by a third party in the spouse's prior bankruptcy is irrelevant to this action, and that the Defendant's argument that the property at issue is not property of his estate as he transferred it to his spouse prior to their respective bankruptcies begs the question of whether such transfer was fraudulent.

    For the foregoing reasons, the Motion is hereby DENIED.

Dated: September 29, 2006

_____
Joel B. Rosenthal
United States Bankruptcy Judge.