UNITED STATES BANKRUPTCY COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re | : | |
| PAUL O. PALUMBO | : | Chapter 7 |
| Debtor | : | No. 05-49073 |
| | : | |
| MILLBURY NATIONAL BANK, | : | |
| Plaintiff | : | |
| v. | : | A.P. No. 06-04023 |
| PAUL O. PALUMBO, | : | |
| Defendant | : | |
| NANCI S. PALUMBO | : | |
| Intervening Defendant | : | |
| | : | |

**MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE DEMAND FOR JURY TRIAL [DOCKET #59] AND THE OPPOSITION OF INTERVENING DEFENDANT NANCI PALUMBO THERETO [DOCKET #60]**

This matter came before the Court for a hearing on Motion of Plaintiff Millbury National Bank to Strike Demand for Jury Trial [Docket #59] and the Opposition of Intervening Defendant Nanci Palumbo thereto [Docket #60]. For the reasons set forth herein, the Plaintiff's Motion is GRANTED and the Intervening Defendant's demand for a jury trial is STRICKEN.

Millbury National Bank (hereinafter "Plaintiff") claims that Paul O. Palumbo (hereinafter "Debtor") fraudulently transferred his interest in the property located at 218 Stone School Road, Sutton, Massachusetts to his wife Nanci S. Palumbo (hereinafter "Nanci"), and then concealed that transfer from his creditors.[1] The Plaintiff seeks an order

---

[1] Prior to March 2004, the Debtor and Nanci owned the property jointly. On or about March 30, 2004, they transferred the property to Nanci in fee simple. Nanci recorded a declaration of homestead and filed for bankruptcy in April 2005. The Debtor filed for bankruptcy in October 2005. Nanci received a discharge later that month. In January 2006, the Plaintiff filed this adversary proceeding against the Debtor. The Debtor moved for summary judgment on the grounds, *inter alia*, that Nanci could not be joined as a necessary defendant because she had received a discharge and that any attempts to reach the property

1

denying the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(2) ("Count I") and setting aside the transfer of the Debtor's interest in his residence pursuant to MASS. GEN. LAWS. Ch. 109A, § 9 ("Count II"). Amended Complaint, p. 4-6, Docket #6. Nanci, who was allowed to intervene in this proceeding[2], demanded a jury trial on Count II, to which the Plaintiff objected.[3] Answer of Nanci Palumbo, p.5, Docket #49. The Court finds that Nanci, as a party to a fraudulent conveyance action which seeks the avoidance of a real property transfer, is not entitled to a jury trial under the Seventh Amendment of the United States Constitution. *Accord In re Pilavis*, 228 B.R. 808 (Bankr. D. Mass. 1999).

In *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989), the Supreme Court held that because the Seventh Amendment guarantees the right to a jury trial "in suits at common law," the right only applies to actions that are "legal in nature" and involve a "matter of private right" and which were decided in courts of law, not equity, in 18th-century England. *Id.* at 41-42. It used a three-part test to determine whether a particular action gives rise to a jury trial under the Seventh Amendment:

> First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature....The second stage of this analysis is more important than the first....If, on balance, these two factors indicate that a party is entitled to a jury trial under the Seventh Amendment, we must decide whether Congress may assign and has assigned resolution of the relevant claim to a non-Article III adjudicative body that does not use a jury as a factfinder.

*Id.* at 42 (internal citations omitted).

In *Granfinanciera*, the bankruptcy trustee sued to recover an alleged fraudulent transfer of $1.7 million from the defendant, who demanded a jury trial. *Granfinanciera*, 492 U.S. at 36-37. The trustee sought to avoid the transfer and recover damages, costs, expenses, and interest under 11 U.S.C. § 548(a)(1) and (a)(2) and 11 U.S.C. § 550(a)(1). *Id.* at 36. In applying the first part of the test, the Supreme Court found that there was "no dispute that actions to recover preferential or fraudulent transfers [of a determinate sum of money] were often

---

would therefore violate the discharge injunction under 11 U.S.C. § 524. The Court denied the motion in a previously-issued Memorandum of Decision. See Docket #30.
[2] Following the Court's denial of summary judgment, Nanci moved to intervene on the grounds that she is the record owner of the residence that is the subject of Count II of the complaint. Docket #48. The Court allowed the motion on November 16, 2006. Docket #56.
[3] The Plaintiff and all other parties consented to this Court conducting the jury trial if it determines that Nanci is in fact entitled to one.

2

brought at law in late 18th century England." *Id.* at 43-47. As to the second part, it held that the nature of the relief sought (i.e. return of "money payments of ascertained and definite amounts") was legal rather than equitable. *Id.* at 42. Since the trustee was seeking only return of the money, this was the equivalent to an action for damages, the classic legal remedy. *Resolution Trust Corp., v. Pasquariello (In re Pasquariello)*, 16 F.3d 525, 529 (3rd Cir. 1994). In addressing the third part of the test, the Supreme Court stated that "[a]lthough the issue admits of some debate, a bankruptcy trustee's right to recover a fraudulent conveyance…seems to us more accurately characterized as a private rather than public right…." *Granfinanciera*, 492 U.S. at 55. The fact that the claim was intertwined with the bankruptcy proceedings did not empower Congress to assign the adjudication of such a private right to judges. *Pasquariello*, 16 F.3d at 529. Thus, the Supreme Court upheld the defendant's demand for a jury trial on the grounds that the action was brought in courts of law; the relief was legal in nature; and the right was a private one. *See Granfinanciera*, 492 U.S. at 38.

Following the Supreme Court's decision in *Granfinanciera*, the Third Circuit Court of Appeals applied the three-part test to a case with facts analogous to this one and held that there was no right to a jury trial. *See Pasquariello*, 16 F.3d at 530-531. In *Pasquariello*, the bankruptcy trustee alleged, *inter alia*, that the debtor fraudulently conveyed real property to his wife and sought avoidance of the transfer as well as a variety of equitable remedies including an accounting, constructive trust, and equitable lien; the wife demanded a jury trial, which the district court denied. *Id.* at 528. In upholding the district court, the Third Circuit held that there was no Seventh Amendment right to a jury trial because actions to remedy fraudulent transfers of real property were commonly brought in courts of equity in 18th-century England.[4] *Id.* at 530. In its decision, the Third Circuit stated:

---

[4] It is important to note that the ultimate holding in *Pasquariello* was limited to the narrow question of whether a writ of mandamus was the appropriate means to review the district court's decision. *See id.* at 531. The Third Circuit refused to issue the writ because the wife did not have a "clear and indisputable right" to a jury trial where the plaintiff sought to recover real property, or alternatively, the value of the property. *See id.* Even though it expressly declined to "intimate[e] any opinion as to the proper outcome on a direct appeal," *Id. at 531*, "the court's opinion provides a well-reasoned analysis of jury trial rights" which this Court adopts. *Pilavis,* 228 B.R. at 809 n. 2. As stated by one bankruptcy court, "why would the Court of Appeals issue a published opinion in *Pasquariello* if it really was deciding only a very narrow issue relating to mandamus, as opposed to providing instructive commentary on jury trial rights in bankruptcy? We find it difficult to ignore this commentary even if it is…dicta." *In re Clayton*, 1996 WL 387719 *1, *2 (Bankr. E.D. Pa 1996).

3

> [E]very court of appeals to have considered the issue, albeit prior to *Granfinanciera*, held that any attempt to remedy a fraudulent conveyance of real property through a set aside or avoidance was a matter for the equity courts and that no right to a jury trial attached. *See, e.g., In re Graham*, 747 F.2d 1383, 1387-88 (11th Cir.1984); *Whitlock v. Hause*, 694 F.2d 861, 863-66 (1st Cir.1982); *Duncan v. First Nat'l Bank*, 597 F.2d 51, 55-56 (5th Cir.1979); *Hyde Properties v. McCoy*, 507 F.2d 301, 306 (6th Cir.1974) (dictum); *Senchal v. Carroll*, 394 F.2d 797, 797-99 (10th Cir.), *cert. denied*, 393 U.S. 979, 89 S.Ct. 448, 21 L.Ed.2d 440 (1968); *Damsky v. Zavatt*, 289 F.2d 46, 53-54 (2d Cir.1961); *Johnson v. Gardner*, 179 F.2d 114, 117 (9th Cir.1949), *cert. denied*, 339 U.S. 935, 70 S.Ct. 661, 94 L.Ed. 1353 (1950). This alone should give us some pause as to the applicability of *Granfinanciera* in this different fact situation...
>
> In fact, in *Granfinanciera* itself, the Court, although it termed the holdings in *Graham* and *Dansky* "questionable," distinguished these cases because they involved "the *equitable* remedy of setting aside an alleged fraudulent conveyance of *real estate* by a bankrupt. *Granfinanciera*, 492 U.S. at 46 n. 5, 109 S.Ct. at 2792 n.5 (emphasis in original).

*Pasquariello*, 16 F.3d at 530.

Bankruptcy courts in this district have followed *Pasquariello*. *See Pilavis*, 228 B.R. at 808. In *Pilavis*, Judge Hillman applied the holdings of *Granfinanciera* and *Pasquariello* and held that a party to a fraudulent conveyance action which sought the avoidance of real property transfers was not entitled to a jury trial under the Seventh Amendment. *Pilavis*, 228 B.R. at 808. Like *Pasquariello*, the plaintiff claimed that the debtor fraudulently transferred real property to his wife, and like the Third Circuit, Judge Hillman distinguished *Granfinanciera* on the grounds that the plaintiff sought "such equitable remedies as a preliminary injunction and an accounting in addition to avoidance of the alleged fraudulent real property transfers." *Id.* at 810.

Despite the holdings of these cases, in her demand for a jury trial, Nanci relies on footnote 5 in *Granfinanciera*, footnote 9 in *Pasquariello*, and footnote 12 in *In re Teknek, LLC*, 343 B.R. 850 (Bankr. N.D. Ill. 2006), which in itself gives the Court pause.[5,6,7] The Court

---

[5] Footnote 5 stated in relevant part:
> Rather than list 18th-century English cases to support the contention that fraudulent monetary transfers were traditionally cognizable in equity, respondent cites three recent cases from the Courts of Appeals. These cases, however, weaken rather than bolster respondent's argument. *In re Graham*, 747 F.2d 1383 (CA11 1984), held that there was no Seventh Amendment jury trial right in a suit for the *equitable* remedy of setting aside an alleged fraudulent conveyance of *real estate* by a bankrupt. With respect to suits like respondent's, the court expressly noted that "an action by a creditor or trustee-in-bankruptcy seeking money damages is an action at law." *Id.*, at 1387 (citations omitted). *Damsky v. Zavatt*, 289 F.2d 46 (CA2 1961), also involved a conveyance of real estate. And there, too, the court acknowledged that jury trials are ordinarily available with respect

4

finds that these footnotes do not lend support to Nanci's position. In footnote 5, the Supreme Court merely questioned *Graham* and *Dansky* to the extent they were in conflict with its previous decision in *Whitehead*. It did not expressly reject those cases, although it had the opportunity to do so in dicta, and in fact, it emphasized that those cases involved the *equitable* remedy of setting aside an alleged fraudulent conveyance of *real estate*. *See Granfinanciera*, 492 U.S. at 46 n. 5 (emphasis in original); *Pasquariello*, 16 F.3d at 530. Also, "this conclusion is not in conflict with *Granfinanciera*, which the Supreme Court itself

---

to monetary claims. See *id.*, at 54.

Both of these holdings are questionable, moreover, to the extent that they are in tension with our decision in *Whitehead v. Shattuck*, 138 U.S. 146, 11 S.Ct. 276, 34 L.Ed. 873 (1891). Although there is scholarly support for the claim that actions to recover real property are quintessentially equitable actions, see 1 G. Glenn, Fraudulent Conveyances and Preferences § 98, pp. 183-184 (rev. ed. 1940), in *Whitehead* we stated:

"[W]here an action is simply for the recovery and possession of specific real or personal property, or for the recovery of a money judgment, the action is one at law. An action for the recovery of real property, including damages for withholding it, has always been of that class. The right which in this case the plaintiff wishes to assert is his title to certain real property; the remedy which he wishes to obtain is its possession and enjoyment; and in a contest over the title both parties have a constitutional right to call for a jury." 138 U.S., at 151, 11 S.Ct., at 277.

See also *Pernell v. Southall Realty*, 416 U.S. 363, 370-374, 94 S.Ct. 1723, 1727-1729, 40 L.Ed.2d 198 (1974).

*Granfinanciera*, 492 U.S. at 46 n. 5.

[6] Footnote 9 stated:
We note that since the Court's holding in *Granfinanciera*, bankruptcy and district courts have found that the Seventh Amendment requires a jury trial in suits to set aside fraudulent transfers of real property. *See, e.g., In re Stoecker*, 117 B.R. 342 (N.D.Ill.1990); *In re Lee Way Holding Co.*, 115 B.R. 586 (S.D.Ohio 1990), *rev'd on other grounds*, 956 F.2d 1164 (6th Cir.1992); *In re Southeast Connectors, Inc.*, 113 B.R. 85 (S.D.Fla.1990); *Michaels v. Lomax (In re Skil-Aire Corp.)*, 142 B.R. 692 (Bankr.D.N.J.1992); *Beeline Engineering & Constr. Inc. v. Monek*, 139 B.R. 1025 (Bankr.S.D.Fla.1992); *In re Roberts*, 126 B.R. 678 (Bankr.W.D.Pa.1991).

*Pasquariello*, 16 F.3d at 530 n. 9.

[7] Footnote 12 stated:
The Supreme Court recognized a controversy concerning whether an action to recover fraudulently conveyed real property was an action at law or in equity, but it continued on to recognize that it had previously held such an action to be one at law, *Whitehead v. Shattuck*, 138 U.S. 146, 146, 150-51, 155-56, 11 S.Ct. 276, 34 L.Ed. 873 (1891), although the Circuit Courts of Appeals had not been following the established precedent. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 44-46 & n. 5, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989); *see also In re Southeast Connectors*, 113 B.R. 85, 86-87 (S.D.Fla.1990). *Contra In re Pasquariello*, 16 F.3d 525, 530-31 (3rd Cir.1994) (failing to consider *Whitehead v. Shattuck*); *In re Pilavis*, 228 B.R. 808, 809-11 (Bankr.D.Mass.1999) (same); *U.S. v. Hassell*, 2002 WL 1359718, at *2 fn. (N.D.Tex.2002) (same).

*Teknek*, 343 B.R. at 870 n. 12.

5

repeatedly characterized as involving an action for a "determinate sum of money." *Pilavis*, 228 B.R. at 810 (citing *Granfinanciera*, 492 U.S. at 46-47). This Court agrees that "*Granfinanciera's* silence in light of the prior appellate consensus indicates there is a distinction between actions to set aside fraudulent transfers of *money* and actions to set aside fraudulent transfers of *real property*, such that the former were actions at law while the latter remained creatures of equity." *U.S. v. Bell*, 1997 WL 361957 *1, *5 (E.D. Ca. 1997) (emphasis in original).

As to the cases cited in footnote 9 and footnote 12, those cases were decided prior to *Pasquariello*. *See Pilavis*, 228 B.R. at 809 n. 3. Since *Pasquariello*, the majority of bankruptcy and district courts to consider the issue have held that there is no right to a jury trial under the Seventh Amendment in fraudulent conveyance actions of real property. *See Pilavis*, 228 B.R. at 808; *In re Glazer*, 248 B.R. 528, 532 (Bankr. N.D. Ohio 2000); *In re Price*, 346 B.R. 857, 860 (Bankr. M.D. Ala. 2006); *In re Clayton*, 1996 WL 387719 at *2; *U.S. v. Hassell*, 2002 WL 1359718 *1, *2 (N.D. Tex. 2002); *U.S. v. Cram*, 1998 WL 919871 *1, *5 (D. Utah 1998); *U.S. v. Bell*, 1997 WL 361957 *1, *5 (E.D. Ca. 1997); *U.S. v. Jones*, 158 F.R.D. 309, 312 (D. N.J. 1994). This Court is aware of only one decision to the contrary. *See Teknek*, 343 B.R. at 870. The consensus before *Granfinanciera* was that there was no right to a jury trial, and the consensus after *Pasquariello* is the same; parties to fraudulent conveyance actions of real property are not entitled to a jury trial under the Seventh Amendment.

In her opposition, Nanci attempts to distinguish *Pasquariello* and *Pilavis* on the grounds that in those cases the plaintiffs sought multiple forms of equitable relief (i.e. avoidance, accounting, and preliminary injunction) whereas here the Plaintiff seeks only to avoid the transfer. The Court does not find this distinction controlling. It is clear that the action was heard in courts of equity in 18th-century England and the relief requested is equitable in nature. *See Pasquariello*, 16 F.3d at 530-531. The Court's inquiry ends there. The fact that the plaintiffs in *Pasquariello* and *Pilavis*, as in other cases, sought other equitable remedies just further supported the finding that a complete remedy was not available at law. *See Pasquariello*, 16 F.3d at 531. In *Granfinanciera*, the Supreme Court recognized this point in quoting the following passage:

> [W]hether the trustee's suit should be at law or in equity is to be judged by the same standards that are applied to any other owner of property which is wrongfully withheld. If the subject matter is a chattel, and is still in the grantee's possession, an

6

> action in trover or replevin would be the trustee's remedy; and if the fraudulent transfer was of cash, the trustee's action would be for money had and received. Such actions at law are as available to the trustee to-day as they were in the English courts of long ago. <u>If, on the other hand, the subject matter is land or an intangible, or the trustee needs equitable aid for an accounting or the like, he may invoke the equitable process, and that also is beyond dispute</u>." 1 G. Glenn, Fraudulent Conveyances and Preferences § 98, pp. 183-184 (rev. ed. 1940) (footnotes omitted).

*Granfinanciera*, 492 U.S. at 44 (emphasis added).

A close reading of this passage indicates that it is in the disjunctive; if the action involves land *or* if the action involves other equitable remedies, such as an accounting, the case is heard in equity. The fact that the actions in *Pasquariello* and *Pilavis* happened to satisfy both is of no import because based on the scholarly support quoted in *Granfinanciera*, one or the other is sufficient.

Applying the test of *Granfinanciera* to the instant case, and without reiterating the in-depth analysis of *Pasquariello*, the Court finds that Nanci is not entitled to a jury trial under the Seventh Amendment. First, although courts of law in 18th-century England had concurrent jurisdiction over such actions, an action to set aside a fraudulent conveyance of real estate was usually heard in equity. *See, e.g., Pasquariello*, 16 F.3d at 530 (citing *Granfinanciera*, 492 U.S. at 44-46). Second, the nature of the relief sought—avoidance of the fraudulent transfer—is equitable in nature. *See, e.g., Glazer*, 248 B.R. at 532. As to the third part of the test, the Court need not reach that inquiry having already determined that there is no such right to a jury trial. *Pilavis*, 228 B.R. at 811 (citing *Granfinanciera*, 492 U.S. at 42); *Glazer*, 248 B.R. at 532.

For the reasons set forth herein, the Plaintiff's Motion is GRANTED and the Intervening Defendant's demand for a jury trial is STRICKEN.

A separate order shall issue.

Dated: January 19, 2007                By the Court,

                                       /s/ Joel B. Rosenthal
                                       Joel B. Rosenthal
                                       United States Bankruptcy Judge

7